IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **SHEILA GILYARD-WALKER**, individually and on behalf of all similarly situated Missouri citizens, | ) ) ) ) |
| Plaintiff, | ) Removed from the Circuit Court of Jackson ) County, Missouri, Case No. 2316-CV05727 ) |
| vs. | ) Case No. 4:24-CV00095 ) |
| **GENERAL PARTS INC. d/b/a ADVANCE AUTO PARTS**, et al. | ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, Defendant Advance Stores Company, Inc. d/b/a Advance Auto Parts ("Defendant Advance"), files this Notice of Removal to the United States District Court for the Western District of Missouri, Western Division. The Civil Cover Sheet associated with this Notice is attached hereto as **Exhibit A**. Removal is proper based on the following grounds:

### I. BACKGROUND

**A. Procedural Posture**

1. On February 16, 2023, Plaintiff initiated a civil class action captioned *Sheila Gilyard-Walker v. General Parts Inc. d/b/a Advance Auto Parts*, Case No. 2316-CV05727, in the Circuit Court of Jackson County, Missouri (the "State Court Action").

2. The matter was initially removed by Defendant General Parts, Inc. to the Western District of Missouri, Western Division on April 7, 2023, on the basis of diversity jurisdiction. *See Gilyard-Walker v. General Parts, Inc.*, 4:23-CV-00237-FJG. However, it was remanded back to the State Court on June 2, 2023, based on Plaintiff's stipulation that she would not seek, nor accept,

damages greater than $75,000 (inclusive of attorney fees and costs) and that she will not seek or accept punitive damages. Defendant General Parts, Inc. stipulated to the remand because Plaintiff's stipulation regarding the amount in controversy essentially removed federal jurisdiction with respect to the then-current version of her Petition.

3. Since the remand, Plaintiff amended her Petition to add the entity that employed Plaintiff (along with the other putative class members)—Defendant Advance – as a defendant.[1] *See* Class Action Amended Petition ("Amended Petition"). The Court deemed the Amended Petition filed on January 10, 2024, on which date counsel for Defendant Advance accepted service of the Amended Petition on its behalf.

### B. The allegations in the Amended Petition

4. The Amended Petition alleges unlawful pay inequality, unlawful sex and/or race discrimination, and Plaintiff's individual claim of constructive discharge in violation of the Missouri Human Rights Act against Defendant. True and correct copies of all the process, pleadings, and orders in the State Court Action that have been filed to date are attached hereto as **Exhibit B**.

5. Moreover, the Amended Petition is brought by Plaintiff "individually and on behalf of all similarly situated Missouri citizens." *See generally* Amended Petition. Plaintiff seeks to represent a class which is defined as:

> "All non-exempt hourly Missouri female and/or non-white employees who worked for Defendant Advance in the State of Missouri at any time from June 2, 2021 to the present, except those certain employees who previously complained about the foresaid wage discrepancy and had their pay adjusted by Advance to be equal to that of white male employees."

*See* Amended Petition, ¶ 31.

---

[1] As further detailed in this Notice of Removal, it is performed by Defendant Advance - a *new* defendant, and on the basis of CAFA jurisdiction, which did not exist with respect to the original Petition.

2

Case 4:24-cv-00095-FJG     Document 1     Filed 02/08/24     Page 2 of 8

6. This Notice of Removal is being filed within thirty (30) days of receipt by Defendant Advance of any pleadings setting forth the claim for relief upon which the action is based and is, therefore, timely under 28 U.S.C. § 1446.

7. Defendant Advance has not filed an Answer or other pleading in the State Court Action.

### C. The Putative Class at issue and the value of their claims.

8. In the period from June 2, 2021 to the present, in the State of Missouri, Defendant Advance , contrary to Plaintiff's allegation, appears to have employed more than 500 hourly employees who self-identified as non-white and/or female. Of course, this number could be even greater because some employees may choose to not self-identify. In addition, it appears that Plaintiff intends for the proposed class to continue growing until class certification, and for the alleged damages of class members to continue accumulating until trial.

## II. GROUNDS FOR REMOVAL

### A. This Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA")

9. Pursuant to CAFA, when the number of putative class members exceeds 100, this Court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332 (d)(2).

10. Plaintiff alleges that she is a resident of Kansas City in the State of Missouri. *See* Amended Petition, ¶ 15. Therefore, Defendant Advance believes in good faith that Plaintiff is a citizen of the State of Missouri for purposes of diversity jurisdiction pursuant to CAFA.

11. Defendant Advance is a Delaware corporation headquartered in the state of North

Carolina. *See* Defendant's 2023 Annual Registration Report filed with the Missouri Secretary of State, attached hereto as <u>Exhibit C</u>. Accordingly, Missouri is not Defendant Advance's state of incorporation nor its principal place of business. Missouri is also not the state of incorporation or the principal place of business for Defendant General Parts, Inc.

12. Plaintiff has stipulated that she will not individually seek more than $75,000 in damages. She has also pled that there is not more than $5 million in controversy with respect to the proposed class (Amended Petition, ¶ 6), and that plaintiffs (including members of the putative class) are not seeking punitive damages or statutory penalties (Amended Petition, ¶ 13). However, she cannot bind the absent putative class members in this manner. Thus, the Amended Petition is not sufficient to preclude this Court from finding that the required amount in controversy is met. The Supreme Court has held that, even when a named plaintiff may be bound by a damage disclaimer, such a disclaimer cannot bind absent class members, and is thus insufficient to prevent federal jurisdiction. *See Standard Fire Ins. Co. v. Knowles,* 568 U.S. 588 (2013); *see also Faltermeier v. FCA US LLC*, 899 F.3d 617 (8th Cir. 2018).

13. Whether the amount in controversy is satisfied is determined based on the damages that plaintiff seeks in her petition, to which she (and in this case, the putative class members) might be entitled under the controlling law for the claims pled. In other words, if a plaintiff has articulated a legal basis for a potential award of damages which might satisfy the jurisdictional amount, then federal jurisdiction exists. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *Kopp v. Kopp*, 280 F.3d 883, 884-85 (8th Cir. 2002).

14. In calculating the amount in controversy, a party seeking removal of a civil action to federal court may include, among other potential recoveries, a plaintiff's claims for punitive damages, statutory attorneys' fees, and for emotional distress. *See Crawford v. F. Hoffman-La*

4

Case 4:24-cv-00095-FJG    Document 1    Filed 02/08/24    Page 4 of 8

*Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001); *see also Embry v. Everest Coll.*, 2016 WL 468012 (W. D. Mo. September 6, 2016) (stating that "damages for emotional distress, punitive damages, or attorneys' fees. . . may be considered when assessing whether the amount in controversy has been met"); *Feller v. Hartford Life & Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1107 (S.D. Iowa 2010) (finding it "rational to include the future legal expenses in calculating the amount in controversy").

15. In other class actions in the Eight Circuit, attorneys fees alone have been in the range of at least 33-35% of the total settlement or judgment*, e.g., Meller v. Bank of the West,* No. 3:18-CV-00033-JAJ-SBJ, 2018 WL 5305562, at *9 (S.D. Iowa Sept. 10, 2018) (recommending approval of award of one-third of the maximum settlement amount, plus expenses; noting that "[a]n award of 33 1/3% of the maximum settlement amount is in line with other awards in the Eighth Circuit"), report and recommendation adopted, 2018 WL 5305556 (S.D. Iowa Oct. 1, 2018); *Toro, et al., v. Centene Mgmt. Co., LLC,* No. 4:19-CV-02635- JAR, 2021 WL 1784368, at *3 (E.D. Mo. May 5, 2021) (approving fees of 35% of the gross settlement fund in an FLSA collective action settlement; noting that "a 35% fee is within the range routinely approved by courts in the Eighth Circuit"); see also *Huyer v. Buckley,* 849 F.3d 395, 398 (8th Cir. 2017) (approving fees of 33% of the total settlement fund in a class action; noting that "courts have frequently awarded attorneys' fees ranging up to 36% in class actions").

16. Thus, "[t]o determine whether the amount in controversy requirement is satisfied, a district court aggregates the claims of all named or unnamed persons who "fall within the definition of the *proposed* or certified class." *Faltermeier* 899 F.3d at 621 (quoting *Standard Fire*, 568 U.S. at 592) (emphasis in original)

17. Again, while Plaintiff has stipulated that she will not seek or accept in excess of

$75,000 dollars for her recovery, her attempt to make the same promise on behalf of the putative class members is of no legal effect. The Supreme Court has held "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Standard Fire*, 568 U.S. at 593. Therefore, the standard is not what Plaintiff will argue that she (or putative class members) will ask for, but what a fact finder *could* legally award. *See Faltermeier*, 899 F.3d at 621 ("The Supreme Court explained that precertification damages stipulations could not defeat CAFA jurisdiction because absent and unbound class members might later enlarge the scope of recovery beyond the stipulated amounts."); *see also Brunts v. Walmart, Inc.*, 68 F.4th 1091, 1094-95 (8th Cir. 2023)Accordingly, this action is one under which the Court has jurisdiction pursuant to 28 U.S.C. § 1332 (d) (2), and which may be removed to this Court pursuant to 28 U.S.C. § 1441. This Court likewise has supplemental jurisdiction over Plaintiff's constructive discharge claim pursuant to 28 U.S.C. § 1367.

      **B.    Venue is appropriate in this Court.**

      18.    Removal to this court is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the federal district court embracing the Circuit Court of Jackson County, Missouri, where the State Court Action was filed. Removal to the Western Division of this Court is proper pursuant to Local Rule 3.2.

      19.    Defendant Advance submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, including but not limited to lack of personal or subject matter jurisdiction, Plaintiff's failure to state any claims upon which relief may be granted, or Plaintiff's failure to exhaust administrative remedies.

20. A copy of this *Notice of Removal* and exhibits hereto has been served upon Plaintiff, and, together with a Notice of Filing of Removal, will be filed with the Clerk of the Circuit Court of Jackson County, Missouri.[2]

21. Defendant General Parts, Inc. consents to this removal and is filing a Consent to Removal contemporaneously with this Notice.

WHEREFORE, Defendant Advance Auto Parts prays that further proceedings in the Circuit Court of Jackson County, Missouri, be discontinued and that said Case Number: 2316-CV05727 now pending in the Circuit Court of Jackson County, Missouri, be removed to the United States District Court for the Western District of Missouri, Western Division, and that such Court assume full jurisdiction of such action as provided by law.

Dated: February 8, 2024.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Kyle B. Russell*
Kyle B. Russell, MO Bar #52660
Kelly M. Sabates, MO Bar #72995
7101 College Blvd, Suite 1200
Overland Park, KS 66210
Telephone: (913) 981-1018
Facsimile: (913) 981-1019
Kyle.Russell@jacksonlewis.com
Kelly.Sabates@jacksonlewis.com

**ATTORNEYS FOR DEFENDANT**

---

[2] The Circuit Court granted Defendants Advance and General Parts 45 days to answer or otherwise respond to Plaintiffs' Amended Petition. Accordingly, Defendant Advance intends to answer or otherwise respond on or before February 26, 2024. In the event the Court deems a response to the Amended Petition to be necessary sooner than February 26, 2024 based on Rule 81(c)(2), Defendant Advance hereby requests that it be granted until up to and including February 26, 2024, to answer or otherwise respond to Plaintiff's Amended Petition.

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2024, a true copy of the foregoing Notice of Removal was filed with the Clerk of the Court using the CM/ECF system, with a copy sent via electronic mail, to the following counsel of record for Plaintiff:

Martin M. Meyers
EmmaLee A. Wilson
THE MEYERS LAW FIRM, LC
503 One Main Plaza
4435 Main Street
Kansas City, MO 64111
mmeyers@meyerslaw.com
ewilson@meyerslaw.com

**ATTORNEYS FOR PLAINTIFF**

 

*/s/ Kyle B. Russell*
**AN ATTORNEY FOR DEFENDANT**

4862-8040-3876, v. 1